UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

───────────────────────────────────── )
                                      )
IN RE YASMIN AND YAZ (DROSPIRENONE) ) 3:09-md-02100-DRH-PMF
MARKETING, SALES PRACTICES AND        )
PRODUCTS LIABILITY LITIGATION         )       MDL No. 2100
                                      )
───────────────────────────────────── )

**This Document Relates to:**

*Jennifer Davis v.*                              No. 3:10-cv-12185-DRH-PMF
*Bayer HealthCare Pharmaceuticals, Inc., et al.*

**ORDER VACATING DISMISSAL**

**HERNDON, Chief Judge:**

**I. INTRODUCTION**

This matter is before the Court for case management. The following three motions are pending in the above captioned matter: (1) Bayer HealthCare Pharmaceuticals, Inc.'s ("Bayer") motion to convert the Court's without prejudice Plaintiff Fact Sheet ("PFS") dismissal into a with prejudice PFS dismissal (Doc. 10); (2) the plaintiff's motion for an extension of time to respond Bayer's motion for a with prejudice dismissal (Doc. 11); and (3) the plaintiff's motion to vacate the Court's order of dismissal without prejudice (Doc. 12).

For the reasons discussed below, the motion to vacate the Court's order of dismissal without prejudice (Doc. 7) is **GRANTED**. The motion to dismiss with prejudice (Doc. 10) has been **WITHDRAWN** (Doc. 13). Therefore, the motion to

dismiss with prejudice (Doc. 10) and the motion for extension of time to respond thereto (Doc. 11) are **DENIED** as **MOOT**.

## II. BACKGROUND

On April 20, 2011, Bayer filed a motion to dismiss without prejudice the claims of plaintiff Jennifer Davis for failure to comply with the PFS requirements of Case Management Order 12 ("CMO 12") (MDL 2100 Doc. 836). The Court granted the motion to dismiss without prejudice on May 9, 2011 (Doc. 6). The case was closed on the Court's docket on May 10, 2011 (Doc. 8).

On March 29, 2013, Bayer filed a motion to convert the dismissal without prejudice into a dismissal with prejudice pursuant to CMO 12 (Doc. 10). On April 16, 2013, the plaintiff filed a motion for extension of time to respond to Bayer's motion to dismiss with prejudice pursuant to CMO 12 (Doc. 11). The plaintiff's counsel asserts that the parties entered into a private agreement regarding enforcement of CMO 12's PFS requirements. Counsel further alleges the motion for with prejudice dismissal was likely filed in error because it is "contrary to an agreement reached between [the plaintiff's counsel] and counsel for Bayer suspending [certain plaintiffs'] PFS obligations and/or agreeing to refrain from seeking dismissal with prejudice" (Doc. 11 ¶ 3). Counsel also asserts that Bayer has received the plaintiff's completed PFS (Doc. 11 ¶ 4).

On May 5, 2013, the plaintiff filed a motion to vacate the Court's order of dismissal without prejudice (Doc. 12). In her motion to vacate, the plaintiff states that, after investigating the matter, both parties agree the plaintiff has submitted a

completed PFS in accordance with CMO 12 (Doc. 12 p. 1). On May 7, 2013, Bayer filed a notice of withdrawal of its motion to dismiss with prejudice (Doc. 13).

## IV. CONCLUSION

Based on the plaintiff's representation that the parties agree the plaintiff has submitted a completed PFS in accord with CMO 12, the motion to vacate the Court's order of dismissal without prejudice (Doc. 7) is **GRANTED**. The motion to dismiss with prejudice (Doc. 10) has been **WITHDRAWN** (Doc. 13). Therefore, the motion to dismiss with prejudice (Doc. 10) and the motion for extension of time to respond thereto (Doc. 11) are **DENIED** as **MOOT**.

Accordingly, the Court hereby **VACATES** the order dismissing without prejudice the above referenced plaintiff's claim and thereby **REINSTATES** the same.

SO ORDERED:

Digitally signed by
David R. Herndon
Date: 2013.05.20
11:08:39 -05'00'

**Chief Judge**
**United States District Court**                      Date:  May 20, 2013